# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: June 12, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| STEPHANIE MULROY, Legal | * | |
| Representative of the Estate of her | * | |
| Sister, JOANNE ARENA, | * | |
| | * | No. 15-1324V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Motion to Dismiss; Influenza ("flu") |
| AND HUMAN SERVICES, | * | Vaccine; Death. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

## DECISION DISMISSING PETITION[1]

On November 5, 2015, Stephanie Mulroy ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"),[2] as legal representative of the estate of her sister, Joanne Arena. The petition alleges that the flu vaccination Ms. Arena received on November 8, 2013, caused her death on November 10, 2013. Petition at ¶ 14.

Petitioner collected and filed medical records in the case, and she filed a statement of completion on February 22, 2016. Respondent filed a rule Rule 4(c) Report on May 9, 2016,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

recommending against compensation.  On October 21, 2016, petitioner filed an expert report and supporting medical literature from Dr. Laurel Waters.  On February 17, 2017, respondent filed a responsive expert report from Dr. Noel Rose.  During a status conference on March 8, 2017, the undersigned ordered the parties to file supplemental expert reports addressing a list of several questions.  At that time, petitioner also stated that she was working with a neuropathologist, Dr. Douglas Miller, to obtain a second expert report for the case.   Petitioner was ordered to file a supplemental report from Dr. Waters and an expert report from Dr. Miller by June 5, 2017.  Order dated May 16, 2017 (ECF No. 40).

On June 5, 2017, petitioner filed a status report indicating that she wished to dismiss her case.  Status report dated June 5, 2017 (ECF No. 41).  Petitioner stated that "Dr. Miller [was] unable to provide a supportive opinion after a review of the file and evidence."  Id. at 1.  Petitioner requested 30 days in which to file a motion to dismiss.  Id.

On June 12, 2017, petitioner filed a motion to dismiss her petition.  Motion to Dismiss dated June 12, 2017 (ECF No. 43).  Petitioner stated that "[a]n investigation of the facts and science supporting this case has demonstrated … that she will be unable to prove that she is entitled to compensation."  Id. at 1.  She thereby requested that her petition be dismissed.  Id.

To receive compensation under the Program, petitioner must prove either: 1) that Ms. Arena suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that her death was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Ms. Arena suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that Ms. Arena's death was caused by the influenza vaccination she received on November 8, 2013.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Although petitioner filed an expert report from Dr. Waters, the undersigned requested additional information and clarification from her.  However, Dr. Waters was unable to provide further opinions.  Petitioner stated that after reviewing the facts and evidence of the case, Dr. Miller was also unable to provide a supportive opinion.  Thus, petitioner stated that she is otherwise unable to prove that she is entitled to compensation in the Vaccine Program.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that Ms. Arena suffered a "Table Injury" or that her death was caused-in-fact by the influenza vaccination.

Therefore, this case is dismissed for insufficient proof.  In the absence of a motion for review,[3] the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

notice renouncing the right to seek review.