# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: September 19, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| STEPHANIE MULROY, Legal | * | |
| Representative of the Estate of her | * | |
| Sister, JOANNE ARENA, | * | |
| | * | No. 15-1324V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Administrative Work; Excessive Time; |
| | * | Reasonable Hourly Rates. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Patricia Finn, Patricia Finn Attorney, P.C., Piermont, NY, for petitioner.
Robert Coleman, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 27, 2017, Stephanie Mulroy ("petitioner") filed a motion for attorneys' fees and costs requesting $22,869.76 in attorneys' fees and costs for her attorney, Ms. Patricia Finn, and $8,027.35 in petitioner's costs. Status Report dated August 25, 2017 (ECF No. 52) at 2.[2] Respondent filed a general response on July 13, 2017, leaving the amount of attorneys' fees and costs to the undersigned's discretion. On August 3, 2017, and August 25, 2017, petitioner filed additional documentation in support of her application for attorneys' fees and costs, including an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] Petitioner originally requested a total of $22,894.96 in attorneys' fees for her attorney, Ms. Patricia Finn, and $7,512.35 in petitioner's costs.  Petitioner's Application ("Pet. App.") dated June 27, 2017 (ECF No. 45) at 3, 11.  However, petitioner filed a status report on August 25, 2017, in which she stated that her initial calculation of fees and costs was incorrect.  Pet. Status Report dated August 25, 2017 (ECF No. 52) at 2.

1

explanation of the increase in her requested hourly rate and additional information regarding petitioners' costs.

For the reasons discussed below, the undersigned GRANTS petitioner's motion for attorneys' fees and costs and awards a total of $15,599.31 in attorneys' fees and costs and $8,027.35 in petitioner's costs.

## I. Introduction

On November 5, 2015, Stephanie Mulroy ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"),[3] as legal representative of the estate of her sister, Joanne Arena. The petition alleged that the flu vaccination Ms. Arena received on November 8, 2013, caused her death on November 10, 2013. Petition at ¶ 14.

On June 12, 2017, petitioner filed a motion to dismiss, stating that "[a]n investigation of the facts and science supporting [her] case has demonstrated … that she will be unable to prove that she is entitled to compensation." Pet. Motion to Dismiss dated June 12, 2017 (ECF No. 43) at 1. The undersigned issued a decision dismissing the petition the same day. Decision dated June 12, 2017 (ECF No. 44).

## II. Analysis

Under the Vaccine Act, petitioners are able to recover "reasonable attorneys' fees" and other costs. 42 U.S.C. §§ 300aa-15(e)(1) (2012). Even if petitioner is not awarded compensation for her claim, she is still permitted to collected attorneys' fees and costs if "the petition was brought in good faith and there was a reasonable basis." Id. Respondent does not argue that the case lacks good faith or a reasonable basis, and the undersigned likewise agrees that the case was brought in good faith and that a reasonable basis existed.

While respondent did not contest the billing rate or specific entries, the undersigned has the discretion to reduce awards sua sponte, independent of enumerated objections. Sabella v. Sec'y of Health & Humans Servs., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 303 (Fed. Cl. 2008) aff'g No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

---

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

### a. Reasonable Attorneys' Fees

### i. Reasonable Hourly Rate

Although Ms. Finn originally requested $400.00 per hour for work performed on the case in 2016 and 2017, she filed a status report on August 25, 2017, in which she revised her initial request. Ms. Finn now requests $328.00 per hour for work performed in 2016 and $340.00 per hour for work performed in 2017. Compare Pet. App., Ex. 1 at 5, 7 with Status Report (ECF No. 52) at 1 (citing Murphy v. Sec'y of Health and Human Servs., 05-1063V, 2017 WL 1718800 (Fed. Cl. Spec. Mstr. April 3, 2017)).

Although other special masters have awarded Ms. Finn up to $328.00 per hour for work performed in 2016, the undersigned has previously awarded Ms. Finn $316.00 per hour for work performed in 2016 and will continue to do so. Pelton v. Sec'y of Health & Human Servs., 14-674V, 2017 WL 3378773 (Fed. Cl. Spec. Mstr. July 12, 2017). As for Ms. Finn's request for an increased award for 2017, Ms. Finn's request of $340.00 per hour falls within an acceptable range of the Office of Special Masters' 2017 Fee Schedule[4] for an attorney with her experience. Thus, the undersigned finds Ms. Finn's request for $340.00 per hour for work performed in 2017 to be reasonable.

Ms. Finn also requested $200.00 per hour for work performed by her paralegal, Jessica Wallace, from 2013 through 2017. This rate exceeds the Forum Hourly Rate Schedule for paralegal work performed during these years.[5] Ms. Finn argues that Ms. Wallace is entitled to a higher rate since she holds a J.D. and is experienced with the Vaccine Injury Program. However, even practicing attorneys are paid at a paralegal rate when performing paralegal work. Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Previously, Ms. Wallace has been awarded $102.00 per hour for work performed in 2015. See Rowan 2014 WL 3375588. This is less than the forum rates from McCullough. Special masters are permitted to "make an upward or downward departure to the fee award based on other specific findings," and the undersigned increases Ms. Wallace's fee to meet forum rates.[6] Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).

---

[4] The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. See also supra note 4.

[6] The undersigned and other special masters have previously reduced Ms. Wallace's rate from an attorney rate to a rate more appropriate for paralegal work. See Pelton, 2017 WL 3378773; Rowan, 2014 WL 3375588; Becker v. Sec'y of Health & Human Servs., 13-687V, 2014 WL 4923160 (Fed. Cl. Spec. Mstr. Sept. 11, 2014); Echevarria v. Sec'y of Health & Human Servs., 15-100V, 2016 WL 6872975 (Fed. Cl. Spec. Mstr. Oct. 26, 2016). In order to expedite the

According to the fee schedules, paralegals are entitled to $125.00-145.00 per hour of work performed in 2015 through 2016 and $128.00-148.00 per hour in 2017.  As Ms. Wallace has over eight years of experience with the Vaccine Program, she is entitled to a rate on the higher end of that range.  See Status Report filed May 25, 2017 (ECF 67).  Thus, the undersigned awards Ms. Wallace $130.00 per hour in 2013 and 2014, $135.00 per hour for her work in 2015 and 2016, and $145.00 per hour for her work in 2017.

Ms. Finn also requests $145.00 per hour for work performed by her legal nurse consultant, Jill Rubolino, in 2016 and 2017.  Although the Fee Schedule does not include a rate for this type of professional, the undersigned has previously found it reasonable to compensate Ms. Rubelino at $125.00 per hour for her work in 2016 and will continue to do so.  Pelton, 2017 WL 3378773.  The undersigned will compensate Ms. Rubelino for work performed in 2017 at her requested rate of $145.00 per hour.

After making the adjustments in the hourly rates for petitioner's counsel, the undersigned reduces petitioner's fee application by $3,853.70.

### ii. Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

In the present case, petitioner's counsel billed more than nine and a half hours for work that is best described as administrative in nature.  Almost all of this work was performed by Ms. Wallace[7] and includes time spent for scheduling conference calls, sending letters and faxes, paying invoices, filing documents on EC/ECF, calendaring deadlines, and coordinating the receipt and transmission of autopsy slides.[8]  Given the reductions to petitioner's counsel's hourly rates, the undersigned does not further reduce petitioner's application for administrative time.  However, the undersigned warns petitioner's counsel that in the future, such time entries may not be compensated.

---

processing of petitioner's counsel's future fee applications, counsel should consider the adjustments previously made to Ms. Wallace's hourly rate when preparing her billing invoices.

[7] The only administrative time entry that was not billed by Ms. Wallace is the January 7, 2016 entry billed by Ms. Nicole Tenaglia.  Pet. App., Ex. 1 at 3.

[8] See Pet. App., Ex. 1 at 1, 3-10, which include the following time entries: January 31, 2014; June 12, 2014; November 5, 13, and 18, 2015; January 6 and 7, 2015; February 9, 2015; February 18 and 19, 2015; May 9 and 10, 2016; June 6 and 20, 2016; July 5, 2016; October 21, 2016; March 28 and 30, 2017; April 18, 19, and 26, 2017; and May 9, 15, and 16, 2017.

### iii. Excessive, Vague and Block Billing

In addition to billing for administrative time, the undersigned also finds that petitioner's billing invoice contains time entries that are vague, excessive, and/or contain entries that are block billed.

The undersigned finds Ms. Wallace's entry on March 2, 2017, for which she billed one hour for a "phone call to ME's office to speak with Dr. Bristol, have to call back tomorrow," to be vague and unreasonable. It appears that Ms. Wallace mistakenly billed for one hour of time when she meant to bill for one tenth of an hour. The undersigned finds this entry excessive and reduces petitioner's application by one hour, or $145.00, for it.

Additionally, the undersigned finds that Ms. Wallace's billing entry on November 4, 2015, constitutes block billing. See Pet. App., Ex. 1 at 2. On that date, Ms. Wallace billed 8.1 hours to review medical records, draft the petition, and research Ms. Arena's injuries. This time is block billed, as it does not delineate which medical records were reviewed, how long was spent drafting the petition, and what research was performed. The undersigned reduces this billing entry by one half, thus reducing petitioner's fee application by $546.75.[9]

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Human Servs., 2008 U.S. Claims LEXIS 399 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) at *13-14 (reducing petitioner's attorneys' fees and criticizing her for block billing); Mostovoy v. Sec'y of Health and Human Servs., 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[10] The undersigned has previously warned Ms. Finn that time which is block billed is not compensable. Pelton, 2017 WL 3378773.

---

[9] Because the reasonable hourly rate for Ms. Wallace is $135.00 per hour in 2015, the undersigned reimburses her for 4.05 hours at a rate of $135.00 per hour, totaling $546.75. See Pet. App., Ex. 1 at 2.

[10] Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2004) § XIV.A.3.

5

### b. Reasonable Costs

In addition to reasonable attorneys' fees, the submitted costs must also be reasonable. Perreria, 27 Fed. Cl. at 34.

### i. Petitioner's Expert, Dr. Laurel Waters

In her initial application, petitioner requested $11,250.00 to compensate her expert, Dr. Laurel Waters. Pet. App., Ex. 1 at 28. $4,000.00 of this total was paid out-of-pocket by petitioner. Pet. App., Ex. 1 at 11. Dr. Waters filed a brief invoice stating that she performed 22.5 hours of work at a rate of $500.00 per hour. Pet. App. Ex, 1 at 28. However, the invoice was block billed and did not delineate the work that Dr. Waters performed or how much time was spent on each task. On July 5, 2017, the undersigned ordered petitioner to file a more detailed invoice explaining the work performed by Dr. Waters. Order dated July 5, 2017 (ECF No. 46).

On August 3, 2017, petitioner filed a second invoice from Dr. Waters, this time requesting a total of $12,375.00, a $1,125.00 increase from her original request. Compare Pet. Status Report dated Aug. 3, 2017 (ECF No. 51) at 2, with Pet. App. at 28. The invoice bills for a total of 24.75 hours of work at a rate of $500.00 per hour and provides minimal detail of the work performed by Dr. Waters and the amount of time she spent on each task. Some of these entries, specifically those billed on October 6, 2016, and October 19, 2016, are still block billed. Dr. Waters also included a billing entry for time spent organizing her invoice spreadsheet. Status Report dated August 3, 2017 (ECF No. 51) at 2.

The undersigned has previously found that $400.00 per hour is a reasonable hourly rate for Dr. Waters, and she will continue to compensate Dr. Waters at this rate. Pelton v. Sec'y of Health & Human Servs., 14-674V, 3378773 (Fed. Cl. Spec. Mstr. July 12, 2017). The undersigned thus compensates Dr. Waters for 24.75 hours of work at a rate of $400.00 per hour. The undersigned also reduces Dr. Waters' invoice for the $250.00 cost she billed to prepare her billing invoice. These reductions result in a decrease in petitioner's fee award in the amount of $2,725.00.

### ii. Petitioner's Expert, Dr. Douglas Miller

Petitioner requests a total of $2,375.00 to compensate Dr. Douglas Miller, a neuropathologist who reviewed her case in preparation for filing an expert report. Pet. App., Ex. 1 at 30. Petitioner paid $1000.00 of these costs out-of-pocket. Pet. App., Ex. 1 at 11. Dr. Miller reviewed the case but declined to submit an expert report. Id.

Dr. Miller submitted a detailed invoice describing the 4.75 hours of work he performed at a rate of $500.00 per hour. The undersigned has previously found it reasonable to compensate Dr. Miller at this rate, and she will continue to do so. Lord v. Sec'y of Health & Human Servs., 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016). The undersigned finds that the time spent by Dr. Miller was reasonable and compensates him in full.

### iii. Petitioner's Costs

Petitioner requests reimbursement in the amount of $8,027.35 for the litigation costs she paid out-of-pocket, including payment for the filing fee, medical records, autopsy slides, and retainers to Dr. Waters and Dr. Miller. Petitioner also paid $2,015.00 to Meyer & Spencer for the probate and administration of Ms. Arena's will. The undersigned finds these costs reasonable and pays them in full.

## III. Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees for Ms. Finn**
| | |
|---|---|
| Requested: | $14,110.00 |
| Hourly rate reduction: | ($3,853.70) |
| Vague and block billing reductions: | ($691.75) |
| Awarded: | $9,564.55 |

**Attorneys' Costs for Ms. Finn**
| | |
|---|---|
| Requested: | $8,759.76 |
| Reductions for Dr. Waters: | ($2,725.00) |
| Awarded: | $6,034.76 |

**Petitioner's Costs**
| | |
|---|---|
| Requested: | $8,027.35 |
| Reductions: | ($0.00) |
| Awarded: | $8,027.35 |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $15,599.31, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her counsel, Patricia Finn; and**

**A lump sum in the amount of $8,027.35, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Ms. Stephanie Mulroy.**

In the absence of a motion for review, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[11]

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master